and Paola Sauceda et al. v. Noem, and Paola, Javier, and Sauceda Henriquez v. Bonding. Good morning, Ms. Soto. You have about five minutes. You can begin whenever you're ready. Good morning, Your Honors. May it please the Court. I'm here today on behalf of my clients, the petitioners. I know they have very long names. It's a mother. I mispronounced several of the names going along. It's okay. That's the benefit of having a Spanish language is many, many names. I'm with you. He was shaking his head like this as I was pronouncing them. No, it's fine. Your Honors, I'm here today on two respective motions for stay of removal. There are two separate dockets. I just want to point that out to the Court. We have a petition for review pending under Docket 26492 and an appeal from a habeas decision from the local district court under Docket 26189. Both motions for stay of removal were filed at separate times, but they have the underlying facts and circumstances are the same. The relief is the same, and that is that we are asking the Court to preserve the status quo to allow my clients to remain in the United States while this Court makes a decision on the petition for review and the appeal from the habeas decision. Now, Your Honors, I understand that we need to prove these Niken factors, which I believe we have met. And I'd like to say that my clients deserve to remain in the United States because they are likely to succeed on the merits of the claims, and I will explain that. But also they will suffer irreparable harm. First, we believe that the Board of Immigration Appeals in the petition for review case failed to consider the equitable tolling in the reopening deadlines. And this is well-settled precedent from this Court in 2000 in the case of Ivor's KVINS. Was that equitable tolling requested to the BIA? Yes, Your Honor. That was in our motion to reopen. That was the basis of our motion. And the reason for that was because the minor child, who is only 8 years old, has been already granted at the time of the filing of the motion, had already been granted special immigrant juvenile status. Now, what is that? It's a status that has been congressionally created for children, such as my client, who had been abandoned by one of their parents, in this case the father. He did a family court, a local family court in the county of Suffolk here in New York, made a determination on the record that it was in the best interest of the child to remain in the United States with his mother, who happens to be the petitioner in this case, and that it was not in his best interest to be returned to his home country of Honduras. That was issued by a family court judge, and then the USBIS granted my client special immigrant juvenile status and deferred action. But if that petition was approved in January of 2004, why was the motion to reopen made a year and a half later in June 2025? Why wasn't it made immediately? Your Honor, I did not represent the petitioner at that time. The prior counsel did not seek a motion to reopen. There could have been many circumstances leading to that, but in the moment that— You don't have to demonstrate equitable tolling. You'd have to indicate what the circumstances were, right? Right. So the moment that we became aware and we also screened her and we realized that she's a victim of the—this is the lead petitioner—a victim of human trafficking, we immediately sought the congressionally mandated relief through a T-nonimmigrant status visa. We applied, and we made a motion to the BIA advising. Can I ask you to just go back to a question Judge Bianco asked you? You said you did raise equitable tolling before the BIA. Could you point us to where in the record we can find that? Your Honor, I don't have a copy of my motion here, but I can tell you that— What was the motion to reopen? The motion to reopen, the basis of the motion to reopen was seeking equitable tolling for the— Did it say equitable tolling? Like literally, the words. Or are you suggesting that it is something the BIA should have inferred from its lateness? Well, Your Honor, it definitely— Because that's an important distinction. Just clarify. Did you explicitly ask for equitable tolling, yes or no? Absolutely, Your Honor. I cannot tell you whether we did or not because I don't have the motion in front of me. However, I can tell you that even if it wasn't explicitly stated in the argument, the facts and circumstances surrounding the motion, which was that the child had been granted, that we had become aware that the child was granted—  Don't ask for it. The BIA can grant it sua sponte, but that would dramatically change our standard of review. So it does matter whether you asked. Yes, Your Honor. I cannot tell you exactly today whether that was the case because I don't have my motion in front of me. But I understand that it was the basis of our motion for the reasons that I've set forth. Can I just ask you the jurisdictional question? Isn't an effort to a stay of order removal an indirect challenge to the order itself, and therefore we would lack jurisdiction other than for a constitutional challenge? Your Honor, we believe that this Court has jurisdiction because the BIA misapplied the legal framework. And that is the basis of our petition for review. It has to do—it's very simple. It has to do with their inability to properly apply the equitable tolling in the—in consideration of the reopening deadlines. All right. Thank you. Thank you. All right. We'll hear from the government. Good afternoon, Your Honor. Laila Izzas-Saloveitch, Assistant United States Attorney, on behalf of respondents. The government is here today on the two applications. I will be handling the appeal from the habeas petition below. My colleague here, Ms. Edwards, is handling the petition for review. I just want to make three points, Your Honor, in response to—in Docket 26-189, the motion at Docket Entry 7. The first is that it is an extremely confusing application. It requests an administrative stay pending the filing of a motion to stay pending something about the appeal. We're two months later. No such additional motion has been filed. And the second point that I wanted to make was to update the Court. The Government filed a status update, Docket Entry 21, that brings the time horizon through March 18th. Just want to let the Court know that petitioner is still here in the United States. Forbearance policy that ICE uses is in effect because the second piece of the update is in the interim. The petition for review was filed and petitioner filed a stay application in that case. That's the 26-492 case. And the third point that the Government wants to advance here is that the stay application is proper in the petition for review context. That's where those kinds of applications appear. It's what's referenced at 8 U.S.C. 1231A.1, and that is the appropriate venue for hearing the stay application. Otherwise, happy to take any questions the panel may have. Thank you. Thank you. Good afternoon, Your Honors. I represent Attorney General in case number 26-492, and specifically the PFR. As alluded to by opening arguments by opposing counsel, this Court lacks jurisdiction to review the discretionary determination not to reopen to a sponte under 8 CFR 1003.1. Your Honors, equitable tolling was mentioned here as a basis for reversing the decision below, but equitable tolling was mentioned once in the motion to stay before this Court in a mere statement of law, and no argument has been developed as to why equitable tolling was not applied correctly below. Can I just ask, was it raised before the BIA? I do not have the motion to reopen before me, and we're still forming the administrative record at this point in the appeal. The BIA's determination did not address equitable tolling. It only addressed the untimeliness of the motion. So the argument from the BIA. Equitable tolling goes to untimeliness. Correct. The BIA said that it was untimely. It was filed 13 months after the deadline to file, which would have been 90 days, and there was no consideration or suggestion of arguments as an effective assistance of counsel, which would have told that deadline. So the BIA's determination does say that it was untimely. This Court would review that for abuse of discretion, but given a motion to reopen was not filed for more than a year and a half after that initial deadline and there was no consideration or no suggestion of equitable factors to counsel a different discretionary decision they were finding there, this Court would affirm for lack of abuse of discretion on that point. But, Your Honors, the crux of the motion to stay before this Court was not equitable tolling. It was humanitarian concerns that were set forth that the BIA should have made a different determination. The theme of the motion to stay was humanitarian concerns should have exercised a positive use of that discretion there, and as this Court has already noted in this argument today, this Court lacks jurisdiction to review that discretionary determination. Turning to irreparable harm, Your Honors, this Court, there were three suggestions of irreparable harm, one being that this Court would no longer have meaningful opportunity to review the merits of the case. That is not true, as this Court can review the PFR even after removal occurs. And the second argument would be familial separation, which is noted in the record for the parallel habeas proceedings. The petitioner here is elected to keep the familial unit intact should deportation occur, so no familial separation is at risk with deportation here. Just a question of fact, where are they now physically located? They are not in custody, Your Honor. And my belief is that they are in New York, but I defer to their counsel on their specific location. If there are no other arguments, the government rests on its brief and asks that you deny the motion. Thank you. Thank you, everyone, for coming in. We'll reserve the session. Have a good day.